PROB 12B
(7/93)

Report Date: April 9, 2007

# United States District Court

for the

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 10 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| Name of Offender: Kirk Allen Beaulieu | Case Number: 2:03CR00100-001 - JLQ |
| Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush | |
| Date of Original Sentence: 08/06/2004 | Type of Supervision: Supervised Release |
| Original Offense: Passing and Uttering Counterfeit Obligations of the United States, 18 U.S.C. § 472 | Date Supervision Commenced: 10/01/2004 |
| Original Sentence: Prison - 4 Months; TSR - 36 Months | Date Supervision Expires: 09/30/2007 |

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

20  You shall reside in a residential reentry center for a period of up to 90 days. You shall not be entitled to the benefits of the prerelease component. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

### CAUSE

On March 9, 2007, the undersigned officer was contacted by the manager of the St. Claire Apartments where the defendant resides. It was reported that he was late on his rent for the second month in a row, and she was posting a 20-day pay or vacate notice.

The defendant was given a message to contact this officer, and he scheduled an appointment for March 12, 2007. He failed to report on March 12, 2007. Attempts to contact the defendant by telephone were unsuccessful. On March 14, 2007, he was sent a letter directing him to report in person to the U.S. Probation Office on March 19, 2007. On the morning of March 19, 2007, he called the undersigned officer and stated he would be late. He subsequently failed to report on March 19, 2007.

Mr. Beaulieu reported to the U.S. Probation Office on March 21, 2007. He was confronted about not paying his rent, and indicated he would borrow the money from his girlfriend. He reported that he stopped taking his medication approximately 5 weeks earlier, and had not yet returned to his construction job. He indicated that he had spoken to his employer, and would be returning to work the following week.

The undersigned officer directed him to fill his prescription for medication, and provide verification. Further, he was directed to return to work and have his employer contact this officer. He was directed to report to the undersigned officer by telephone daily, and in person each week, until given further notice. The following week the defendant failed to report in person as directed. On April 1, 2007, he failed to report to New Horizon for a scheduled urinalysis test.

On April 4, 2007, the undersigned officer contacted the defendant's apartment manager, and was advised he had not paid rent for March or April 2007. She stated her intention was to begin the eviction process. Mr. Beaulieu was subsequently contacted at his apartment by USPO Law and the undersigned officer. He admitted that he had not followed-up with his employer or made arrangements to live elsewhere.

During a plain view inspection of the apartment, a small electronic scale was located on a table in his bedroom. White residue was observed on the scale. Mr. Beaulieu admitted that he had relapsed with methamphetamine and the scale was used to weigh the drugs he had purchased. The scale was seized as drug paraphernalia.

On April 9, 2007, the defendant reported to the U.S. Probation Office and submitted a urine sample that tested presumptively positive for methamphetamine. He signed a written admission stating he used the substance on April 6, 2007.

Mr. Beaulieu is not only in need of a residence, but a structured living environment that will facilitate him returning to work. It is further hoped this setting will allow him to more effectively regain sobriety, while re-establishing his stability in the community. It appears that placement at a residential reentry center (RRC), is an appropriate intervention given the defendant's current circumstances.

Respectfully submitted,

by *[signature]*

Matthew L. Thompson
U.S. Probation Officer
Date: April 9, 2007

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

*[signature]*
Signature of Judicial Officer

April 10, 2007
Date